HOOD, Judge.
Mr. and Mrs. Horace Robicheaux instituted this suit for damages for personal injuries sustained by Mrs. Robicheaux when the automobile in which she was riding as a guest passenger was involved in an inter-sectional collision. The suit was instituted against Lumbermens Mutual Casualty Company, the insurer of the host vehicle. The defendant admitted liability, and after trial judgment was rendered by the district court in favor of Mrs. Robicheaux for $6,000.00, and in favor of Mr. Robicheaux for $2,852.-53. Defendant appealed, contending that the awards are excessive. Mrs. Robicheaux answered the appeal, praying that the award made in her favor be increased.
The issues presented are whether the award made to Mrs. Robicheaux is excessive or inadequate, and whether the award made to Mr. Robicheaux is excessive. The collision occurred on July 26, 1968, at an intersection of two city streets in Jean-erette, Louisiana. The driver of the automobile in which Mrs. Robicheaux was riding failed to observe a stop sign at that intersection, and her car struck another vehicle which was attempting to traverse the crossing. The irripact caused Mrs. Ro-bicheaux, who was sitting on the right front seat of the insured vehicle, to be “thrown up against the front area of the car.” Plaintiffs claim that as a result of that accident Mrs. Robicheaux sustained injuries consisting principally of a laceration of her face over her left eyebrow, and an aggravation of a pre-existing back condition. The trial court awarded her $4,000.00 for the first mentioned injury and $2,000.00 for her back injury.
The cut over Mrs. Robicheaux’s left eye was about one and one-quarter inches long. It was located slightly above, to the left of and parallel to her left eyebrow. She was taken to a hospital immediately after the accident occurred, where the wound was cleaned and dressed, four sutures were applied and she was given a tetanus shot and some pain pills. She was returned to her home immediately after this emergency treatment was administered. In due course, the wound healed and the sutures were removed. By August 16, 1968, however, Mrs. Robicheaux developed a neuroma on the left supraorbital nerve, which condition caused her to suffer pain in the area of the wound. Her treating physicians administered pain relieving drugs and injections into the tissues in and around the wound, but her pain persisted for several months in spite of this treatment. Finally, on July 7, 1969, she entered a hospital in New Orleans where the neuroma was removed by surgery. She remained in the hospital one week in connection with that operation. About a month or two after that surgery was performed, the neuroma recurred, accompanied by pain and swelling near the left eyebrow, and her treating physician has recommended a second opera *555 tion to excise the neuroma. He explains that without surgery the neuroma will continue to increase in size and to give her considerable pain. This second surgical procedure had not been performed by the time the case was tried, almost 20 months after the injury was sustained, but Mrs. Robicheaux testified that she expected to have it done within a few weeks after the trial.
Mrs. Robicheaux was 38 years of age when the accident occurred. She has three children, two of whom are minors living with her and her husband. The neuroma has caused her to suffer some swelling and intermittent pain around the left eye, the pain at times being intense, and her eyesight has been distorted to some extent. Because of these conditions, and because of her increased nervousness and fear, she feels that it is unsafe for her to drive and she thus has discontinued driving an automobile on highways. The wound has healed and the scar remaining from it is not greatly disfiguring, although the trial judge observed that she “blinked oddly.” The neu-roma which she now has will continue to grow, and her pain will increase until another surgical procedure is performed.
Turning now to Mrs. Robicheaux’s alleged back injury, the evidence shows that she injured her back twice before the accident involved here occurred. In the fall of 1965 she experienced severe low back pain as she reached down to get something out of her freezer. This pain persisted for about two months and she received medical treatment for it. She then was involved in an automobile accident on May 19, 1967, about 14 months before the accident which gave rise to this suit occurred, and she sustained a low back injury as a result of that accident. She was treated for several months thereafter by Dr. Gerald A. Beaul-lieu, a general practitioner, and by Dr. Edward T. Halsam, an orthopedic surgeon. The last named specialist concluded on April 2, 1968, just a little more than three months before the accident involved here occurred, that Mrs. Robicheaux had sustained a ruptured intervertebral disc as a result of the 1967 accident and that surgery would be required to relieve her symptoms. Mrs. Robicheaux testified that her back injury from the 1967 accident began to “get better” by April or May, 1968, that about that time she settled her claim for damages arising out of the 1967 accident, and that she has never undergone the back surgery which was recommended by her treating physician.
Mrs. Robicheaux was examined or treated by several physicians immediately after the July 26, 1968, accident occurred, but she did not mention or complain of a back injury to any of them following that accident, until about August 16, 1968. She explained that the reason why she didn’t mention her back injury was that from her previous experience following the 1965 and 1967 accidents, she knew what to do to relieve her back symptoms. One of the examining orthopaedists was unable to find any objective signs of back injury, but the other examining and treating physicians felt that she did have a back condition which accounted for her complaints of pain. All of them testified that the back injuries which she sustained in 1965 and 1967 could have been aggravated by the 1968 accident, but they could not state with any degree of certainty that such an aggravation did occur.
The trial judge accepted Mrs. Robi-cheaux’s testimony as to the effect which the accident had on her pre-existing back condition. In his excellent reasons for judgment, he said with reference to plaintiff’s testimony that:
“She testified that two, three or four months before the 1968 accident, she had stopped wearing her brace, that she still had occasional minor low back pains and had resumed all but strenuous activities. She held her regular job and did the usual house duties. After the 1968 accident, her back became very stiff and she had restriction of motion. She followed the same routine that she had previously used from her past experience. She restricted her activities as much as possible *556 and did not see Dr. Haslam again until July of 1969, which was a year after the accident because she knew the procedure. She used Darvonn and other pills for her problem. The evidence indicates that shortly after the 1968 accident she quit doing her regular job as a clerical worker; however, the cause of leaving was mostly because they were moving to a new town rather than the injuries *
After analyzing all of the evidence relating to plaintiff’s alleged back injury, the trial judge concluded “that an aggravation did occur but to a relatively minor extent,” and that damages in the sum of $2,000.00 should be awarded to her for that aggravation.
We cannot say that the trial judge erred in concluding that Mrs. Robicheaux’s previously existing back condition was aggravated by the accident which occurred on July 26, 1968. We find, therefore, as he did, that prior to this accident plaintiff had a disabling back condition which had been diagnosed as a ruptured intervertebral disc, and that that condition was aggravated or made worse by the accident which precipitated this suit.
Considering the nature and extent of the injuries which were sustained by Mrs. Robi-cheaux, we have concluded that the award made to her, amounting to the total sum of $6,000.00, is within the range of the discretion which the trial court may exercise in fixing awards of general damages, and that the trial judge did not abuse the “much discretion” which is vested in him in making that award. Lomenick v. Schoeffler, 250 La. 959,200 So.2d 127 (1967).
The trial judge awarded Mr. Robi-cheaux the sum of $2,852.53 as special damages. Defendant contends that this award is excessive, and they point out a number of items which they contend should be eliminated or materially reduced.
Mr. Robicheaux, among the claims for special damages, sought to recover the sum of $1,179.30 as reimbursement of the traveling expenses incurred by his wife in making trips to physicians for medical treatment. The trial judge conceded that some of the items listed in plaintiff’s claim were not recoverable, but instead of ruling on each item separately, he allowed 75 percent of the total amount claimed and awarded plaintiff the net sum of $884.47 for travel expenses. We think the court erred in computing the travel expenses in that manner. Our review of the evidence convinces us that plaintiff Robicheaux is entitled to recover $606.68 as travel expenses, instead of the amount which was awarded for that item of damages.
We agree with the trial court that Mr. Robicheaux also is entitled to recover $1,-892.46 as medical expenses, and $61.60 as loss of leave benefits. According to our computations, the items of special damages which he is entitled to recover amount to the aggregate sum of $2,560.74.
For the reasons herein set out, the judgment appealed from is amended by reducing the award of special damages made to Horace Robicheaux from $2,852.85 to the sum of $2,560.74. In all other respects, and particularly insofar as it awards damages in the sum of $6,000.00 to Mrs. Mary Ann Dautreuil Robicheaux, the judgment of the district court is affirmed. The costs of this appeal are assessed to defendant-appellant.
Amended and affirmed.